JONAH WADE v. THE STATE.

No. 3346. Decided December 9, 1914.

1.—Local Option—Evidence—Limitation.

Where, upon trial of a violation of the local option law, the testimony which defendant offered, and which was rejected, would have tended to show

that the offense is clearly barred by the statute of limitations, the same is reversible error.

### 2.—Same—Deed—Trade—Date of Offense.

Where the date of the offense could only be established as to when a certain sale or trade of real estate took place, and the State introduced the deed thereof and refused to admit testimony as to when the trade was made, which occured before the deed was made, the same was error.

### 3.—Same—Evidence—Date of Offense.

Where the date of the offense became an issue, the defendant should have been permitted to cross-examine State's witness as to what he told defendant's attorney with reference to such date, and to lay the predicate for his impeachment.

### 4.—Same—Evidence—Bias—Prejudice.

It is always permissible to show the bias, prejudice, hostility, etc., of a witness against the defendant, and it was error not to permit the defendant's counsel to show this.

### 5.—Same—Limitation—Sufficiency of the Evidence.

Where the evidence introduced would not show limitation of the offense, and was sufficient to sustain the conviction, there was no error on that ground; although the excluded evidence might have shown the contrary.

Appeal from the County Court of Nacogdoches.   Tried below before the Hon. E. B. Lewis.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

*King & Seale,* for appellant.—On question of impeaching evidence: Hunter v. State, 8 Texas Crim. App., 75; Sanders v. State, 54 Texas Crim. Rep., 101; Deneaner v. State, 58 id., 624; Adams v. State, 52 id., 13; Boatright v. State, 42 id., 442.

On question of bias of witness: Bonnard v. State, 25 Texas Crim. App., 173; Lyle v. State, 21 id., 153; Sims v. State, 4 id., 144.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, Presiding Judge.—Appellant was convicted for unlawfully making a sale of intoxicating liquors in prohibition territory,—a misdemeanor, and the lowest punishment assessed against him.

A proper complaint and information were filed against appellant January 19, 1914, alleging the sale of whisky on or about January 8, 1913.   The only witness who testified to the sale could not definitely fix the date thereof, but stated that it was just after Mr. Russell had bought the place from Mr. Sparks on which he, the witness, was living; that he made a crop on that place that year for Mr. Sparks; he could not remember what year Russell bought that place from Sparks.   The State introduced Russell, who swore that the deed from Sparks to him and his brother was executed on January 1, 1912.   Appellant, in cross-examination, sought to show by Mr. Russell, and his testimony would have tended to show, so the bill states, that while the deed was dated

January 1, 1912, the trade and bargain for the place was during the summer of 1911, and would tend to show that the sale occurred in 1911, and not in 1913. In other words, the testimony would have tended to show that the offense was clearly barred by the statute of limitation. In our opinion the court erred in refusing to permit this cross-examination of this witness.

Appellant also sought to prove by said Sparks that he made the trade with Russell to sell him the said place in the summer of 1911, although the deed was dated January 1, 1912. The court refused to permit this testimony. We think this testimony was also admissible and the court erred in excluding it.

Appellant also asked said State's witness if he had not, the day before, told appellant's attorney and two other persons that the date of the purchase of said whisky by him from appellant was in the fall after Mr. Russell and his brother had purchased the Sparks place and before Christmas of that fall. This question was asked for the purpose of crossing the witness as to the time of the actual purchase by him of the whisky and was admissible therefor. If the witness had denied making such statement it would have laid the predicate for impeaching him which appellant also sought to do. The court should have permitted this question to have been asked and answered by the witness.

On cross-examination appellant asked said State's witness if Harvey Wade had not approached him and persuaded him to file the complaint in this case. Upon the State's objecting to the question, appellant's attorney explained to the court that he expected to show that this witness would so testify and then follow it up with testimony showing that said Harvey Wade was appellant's enemy; that he was related to and friendly to said State's witness and that he had induced the State's witness to go before the grand jury and testify falsely against him. This question should have been permitted and the witness required to answer. It is always permissible to show the bias, prejudice, hostility, etc., of a witness against an appellant. Sec. 861, Branch's Crim. Law.

Some other questions are raised, unnecessary to pass upon because, we take it, they will not occur upon another trial.

Appellant contends that the evidence is insufficient to sustain the verdict, because it would show that the offense was barred; that the sale was made more than two years before the filing of the complaint and information. We do not pass upon that question. The evidence as introduced without that which was excluded, would sustain the verdict on this point. For the errors above noted, the judgment is reversed and the cause remanded.

*Reversed and remanded.*